United States District Court
Southern District of Texas
**ENTERED**
October 22, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS ALONSO, TDCJ #1606717, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2532 |
| | § | |
| KEITH GORSUCH, et al., | § | |
| | § | |
| Defendants.[1] | § | |

### MEMORANDUM OPINION AND ORDER

The plaintiff, Luis Alonso (TDCJ #1606717), has filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint"), alleging violations of his civil rights (Docket Entry No. 1). Because plaintiff is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

---

[1]The Complaint lists the lead defendant as "Kevan Gorsuch," but records attached to the Complaint reflect that this defendant's correct name is Keith Gorsuch. (Docket Entry No. 1, p. 10) The court will use the defendant's correct name for purposes of accurate identification. All page number citations are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

I. **Background**

Alonso is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). The defendants are Assistant Warden Keith Gorsuch, Property Officer D. Reese, Correctional Officer V. Jackson, Property Supervisor Alicia Scott, and Assistant Regional Director Matt Gross.[2]

Alonso's Complaint concerns the loss of personal property that occurred during his transfer from one prison facility to another. On April 24, 2015, Alonso was transferred from the Coffield Unit to the Huntsville Unit en route to the Ellis Unit where he is presently confined.[3] At the Coffield Unit Reese inventoried Alonso's property and noted that he possessed a pair of size 11½ Rhino Work Boots and a Timex wrist watch, which were valued at $20.00 and $100.00, respectively.[4] Alonso was separated from his property during the transport.[5] At the Huntsville Unit Jackson "reinventoried" Alonso's property outside of his presence.[6] When his property was returned to him Alonso noticed that his boots and wrist watch were missing.[7] Alonso complained to Scott about his

---

[2]Complaint, Docket Entry No. 1, p. 4.

[3]Id.

[4]Id.

[5]Id.

[6]Id. at 4, 6.

[7]Id. at 6.

lost property, but she did nothing to resolve his claim.[8]  In a Step One grievance Alonso requested the return of his lost property or replacement with items of equal value, but Gorsuch denied relief, concluding that there was no evidence that TDCJ was responsible for the alleged loss.[9]  Gross agreed with that determination and denied Alonso's Step Two grievance regarding the matter.[10]

Alonso contends that the defendants showed "deliberate indifference" by causing his property to be lost and that they have violated his rights by not resolving his claim.[11]  Alonso seeks compensatory damages in the amount of $120.00 for his lost work boots and wrist watch, court costs, and "nominal damages" in the amount of $100.00 from each defendant.[12]

## II. Discussion

The Supreme Court has held that a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy.

---

[8] Id.

[9] Id. at 10.

[10] Id. at 12.

[11] Id. at 2.

[12] Id. at 4.

See Hudson v. Palmer, 104 S. Ct. 3194, 3204 (1984); see also Parratt v. Taylor, 101 S. Ct. 1908, 1917 (1981), overruled in part on other grounds by Daniels v. Williams, 106 S. Ct. 662 (1981); see also Stotter v. University of Texas at San Antonio, 508 F.3d 812, 821 (5th Cir. 2007) (explaining the Parratt/Hudson doctrine).

Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. See Myers v. Klevenhagen, 97 F.3d 91, 95 (5th Cir. 1996); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984); Aguilar v. Chastain, 923 S.W.2d 740, 743-44 (Tex. Crim. App. 1996); see also TEX. GOV'T CODE §§ 501.007, 501.008. Because Texas provides an adequate post-deprivation remedy, Alonso's claim for damages concerning his lost property has no basis in federal law. See Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). Accordingly, Alonso has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983. See id.; see also Nelson v. Director Texas Dep't of Crim. Justice, 124 F. App'x 897, 898, 2005 WL 673367 (5th Cir. 2005) (holding that both the civil rights lawsuit and appeal from dismissal of a prisoner's suit seeking compensatory damages for loss of personal property were "frivolous"); Batiste v. Harris, 519 F. App'x 254, 2013 WL 1777487, *2 (5th Cir. 2013) (same). Therefore, Alonso's Complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous.

## III. Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice** as frivolous.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties. The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

**SIGNED** at Houston, Texas, on this 22nd day of October, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE